UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

MAURICIO DE JESUS ARRIAGA,

                Plaintiff,

-against-

VILLAGE/TOWN OF MOUNT
KISCO, New York, JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4, and JOHN DOE
#5, in their individual capacities,

                Defendants.

-----------------------------------------------------------x

07 Civ. (   )

**ORIGINAL**

**07 CIV. 6130**

COMPLAINT

**JUDGE ROBINSON**

Jury Trial Demanded

Plaintiff MAURICIO DE JESUS ARRIAGA, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from Defendants' conduct, as jointly engaged in under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by reason of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and 42 U.S.C. §1981.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff MAURICIO DE JESUS ARRIAGA, a brown-skinned Hispanic of Guatemalan national origin, is a permanent resident of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At no time relevant to this complaint has Plaintiff been the owner and/or part owner of real property known as 104 Grove Street, Mount Kisco, New York.

4. Defendants JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5 (hereinafter collectively referred to as "John Doe") are, upon information and belief officials of the Defendant Village/Town who, acting in concert and under color of the laws of the State of New York, ordered and/or directed the Defendant Village/Town's Building Inspector to prosecute Plaintiff as set forth *infra*. At such time during pre-trial discovery as the actual identities of John Doe are ascertained, Plaintiff will seek leave to substitute them in as party Defendants in their individual and personal capacities only.

5. Defendant VILLAGE/TOWN OF MOUNT KISCO, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. In that connection the Village:

> i) For years has maintained an official practice and/or policy, motivated by official bigotry, of intentionally discriminating against members of the Village's substantial Latino community by reason of their national origin, ethnicity, race and/or color, and,

ii) Pursuant to that policy and/or practice and by reason of Plaintiff's exercise of First Amendment protected speech as referenced *infra*, falsely charged Plaintiff with forty-five duplicative counts of violating the Village's so-called "Landlord Registry" law as also referenced *infra*.

## THE FACTS

6. By Local Law #2-2004, adopted on September 20, 2004, the Village Board of Trustees promulgated a so-called "Landlord Registry" law that, as intended, and as applied:

> a. Targets owners of multi-family residential dwellings situated within the Village, because those owners predominantly rent to Hispanics believed by the Defendants to be illegal immigrants, and requires those owners to submit under penalty of perjury irrelevant "registration" data to the Village,
>
> b. Invidiously targets Hispanic renters (who Defendants presume to be illegal immigrants) residing on and/or in such property by unnecessarily subjecting them and their homes to on-site scrutiny by Village officials empowered to prosecute code violations and in that connection to have such renters evicted and/or ejected from their homes supposedly because of their landlord's failure to abide by the Landlord Registry law,
>
> c. Enables the Building Inspector and/or the so-called "Landlord Registry

3

Inspector" and/or the police (under the guise of inspecting such property to insure that the sworn, albeit irrelevant information as provided in the "registration" is accurate) to enter upon that property - - without benefit of a warrant, probable cause and/or a reasonable suspicion - - for the purpose of intimidating the renters and the owners, and

d. Dissuades Hispanics from moving into the Village and/or coerces their departure from such rental properties and the Village.

7. On May 13, 2007, Plaintiff was accurately quoted in The Journal News, a daily-published newspaper sold/distributed *inter alia* within the Village, expressing (in connection with a news story regarding the murder of an immigrant from Guatemala who died on April 28, 2007) his opinion with respect to the registration form required by the "Landlord Registry" law:

"I said to them: 'This is not Cuba. This is America. . .Their [Village officials'] angle is to scare the Latino community to go to another town".

8. Admittedly and expressly motivated to retaliate against Plaintiff by reason of his opinion as referenced in the preceding paragraph "7" and by reason of Plaintiff's ethnicity, national origin and/or skin color Defendants commenced a criminal prosecution of Plaintiff alleging forty-five separate violations of the Landlord Registry law with respect to 104 Grove Street in the Village - - one claimed violation for each of forty-five consecutive days - - even though that law does not provide that each day a landlord fails to register his property constitutes a separate violation of the law. By reason of that

patently unlawful duplicative series of criminal charges Defendants are - - for the calculated objective of punishing Plaintiff for his expression of opinion, targeting him by reason of his skin color, ethnicity and/or national origin and publicly intimidating the Latino community in the Village - - seeking fines from Plaintiff in the amount of $11,250 to $22,500 and/or imprisonment for up to six hundred seventy-five days.

9. As a proximate result of Defendants' conduct Plaintiff has been forced to suffer: punishment for exercising his right of free speech; chilling of his right to free speech; pecuniary losses in connection with his criminal defense; public humiliation; public embarrassment; shame; emotional upset; anxiety; punishment by reason of his ethnicity, color and/or national origin; obligatory criminal court appearance(s); and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

10. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

11. Under the premises Defendants violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

13. Under the premises Defendants violated Plaintiff's right, as guaranteed by the Equal Protection Clause of the United States Constitution, to be free from selective prosecution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

15. Under the premises Defendants' conduct, motivated in whole or in substantial part by reason of Plaintiff's national origin and/or ethnicity and/or color and/or race, violated Plaintiff's rights as guaranteed by 42 U.S.C. §1981.

## AS AND FOR A FOURTH CLAIM

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

17. Under the premises the Landlord Registry law, by reason of its invidious discriminatory intent and as applied, is unconstitutional.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding as against each Defendant such compensatory damages and the jury may determine,

    b. Awarding against the individually named Defendants such punitive damages as the jury may impose,

    c. Declaring the "Landlord Registry" law to be unconstitutional and permanently enjoining Defendants from enforcing it,

d. Awarding reasonable attorney's fees and costs, and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      June 26, 2007

LOVETT & GOULD, LLP
By: _____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401