UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MAURICIO DE JESUS ARRIAGA,   **ANSWER**

          Plaintiff,

                                                              07 Civ. 6130 (SCR)

   -against-

VILLAGE/TOWN OF MOUNT KISCO, New York,
JOHN DOE #1, JOHN DOE #2, JOHN DOE
#3, JOHN DOE #4 and JOHN DOE #5, in
their individual capacities,
                    Defendants.
-------------------------------------------------------x

        For the answer to the complaint of the plaintiff in the above entitled case, defendants, VILLAGE/TOWN OF MOUNT KISCO, New York, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4 and JOHN DOE #5, by their attorneys, SANTANGELO RANDAZZO & MANGONE LLP, say:

## NATURE OF ACTION

1.     The allegations contained in paragraph "1" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court. Further, defendants deny any conduct giving rise to a cause of action pursuant to the enumerated statutes.

## JURISDICTION

2.     The allegations contained in paragraph "2" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refer any and all questions of law to this Honorable Court.

## THE PARTIES

3. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of plaintiff's complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4" of plaintiff's complaint.

5. Defendants deny the allegations contained in paragraph "5" of the plaintiff's complaint except admit that the defendant Village/Town of Mount Kisco is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

6. Defendants deny the allegations contained in paragraph "6" of the plaintiff's complaint except admit that Local Law #2-2004 was adopted on September 20, 2004.

7. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of plaintiff's complaint.

8. Defendants deny the allegations contained in paragraph "8" of the plaintiff's complaint.

9. Defendants deny the allegations contained in paragraph "9" of the plaintiff's complaint.

## ANSWERING A FIRST CLAIM

10. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-9 of this Answer with the same force and effect as if set forth more fully at length herein.

11. Defendants deny the allegations contained in paragraph "11" of the plaintiff's complaint.

## ANSWERING A SECOND CLAIM

12. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-9 of this Answer with the same force and effect as if set forth more fully at length herein.

13. Defendants deny the allegations contained in paragraph "13" of the plaintiff's complaint.

## ANSWERING A THIRD CLAIM

14. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-9 of this Answer with the same force and effect as if set forth more fully at length herein.

15. Defendants deny the allegations contained in paragraph "15" of the plaintiff's complaint.

## ANSWERING A FOURTH CLAIM

16. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-9 of this Answer with the same force and effect as if set forth more fully at length herein.

17. Defendants deny the allegations contained in paragraph "17" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. Any conduct which is alleged by plaintiff is *de minimis* and insubstantial and as such the allegations fail to establish a claim upon which relief under 42 U.S.C. Section

1983.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. Any harm which came to plaintiff was a direct and proximate result of his own actions.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The plaintiff's claim for damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 U.S.C. Section 1981a).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff has failed to allege that any harm which they may have suffered occurred as a result of a policy and/or custom established by the Town/Village of Mount Kisco, and thus the action against the Town/Village must be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. Insofar as plaintiff seeks to impose liability to defendant Town/Village of Mount Kisco simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C. Section 1983.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. At all times relevant hereto, defendants acted in good faith and took appropriate action in the discharge of their official duties.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

25. Defendants, to the extent they are sued in their individual capacities, are entitled to qualified immunity since at all times they acted in good faith in the discharge of their job duties and their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. Defendants at all relevant times, acted in accordance with all laws, rules and regulations and pursuant to their statutory authority.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. Defendants would have taken the same action irrespective of plaintiff's speech.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff's speech was not a motivating or substantial factor in defendants' decisions.

**W H E R E F O R E,** the defendants pray judgment that the complaint of the plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to the defendants.

Dated: Hawthorne, New York
       August 9, 2007

                                YOURS, etc.,

                                SANTANGELO RANDAZZO & MANGONE LLP

                                By: _____
                                    James A. Randazzo (0156)
                                Attorneys for Defendants
                                151 Broadway
                                White Plains, New York 10601
                                (914) 741-2929

TO:    Lovett & Gould, Esqs.
           Attorneys for Plaintiff
           222 Bloomingdale Road
           White Plains, New York 10605
           (914) 428-8401

## CERTIFICATE OF SERVICE

  I, JAMES A. RANDAZZO, hereby certify that on August 9, 2007, I served the within ANSWER upon all parties, by mailing a copy thereof, postage prepaid, the address as provided to defendant by notification from this Court, LOVETT & GOULD, ESQS., 222 Bloomingdale Road, White Plains, New York 10605.

_____
JAMES A. RANDAZZO (0156)